In the Matter of the Application of THE BOARD OF STREET OPENING AND IMPROVEMENT OF THE CITY OF NEW YORK for and on Behalf of the Mayor, Aldermen and Commonalty of the City of New York Relative to the Opening of Lexington Avenue, between Ninety-seventh and One Hundred and Second Streets, in the Twelfth Ward of the City of New York.

JAMES A. DEERING, Appellant and Respondent; JOHN SCHREYER, Respondent and Appellant.

*Costs — an order not allowing costs, reversed with costs — items for making and serving a case and for stenographer's minutes, not proper.*

Where no costs are allowed by an order, made at the Special Term, in a street opening proceeding in the city of New York, relative to the compensation of an attorney for a landowner, and, on appeal, the order is reversed, with costs and disbursements to be taxed, the clerk should tax the costs of the appeal only and not tax any costs for the proceeding in the court below.

On such an appeal, which is heard upon copies of papers used in the court below, items for making and serving a case and the disbursements for the stenographer's minutes are not taxable.

CROSS-APPEALS by James A. Deering and John Schreyer from so much of an order of the Supreme Court, made at the New York Special Term, and entered in the office of the clerk of the county of New York on the 8th day of August, 1898, as denies their respective motions for a retaxation of costs.

*Clarence L. Barber*, for the appellant, respondent.

*Alexander Thain*, for the respondent, appellant.

VAN BRUNT, P. J. :

The petitioner acted as attorney for the respondent, appellant, John Schreyer, in proceedings for the extension of Lexington avenue through lands, amongst others, owned by said Schreyer. The petitioner applied to the court for an order that he be paid the amount of compensation agreed upon out of an award made for the property of said Schreyer. A reference was ordered to hear and report. On the coming in of the report an order was made directing the payment to the petitioner of the sum agreed upon out of the fund in court, with costs. Upon appeal to the Appellate Division this order was reversed, with costs and disbursements to be taxed, upon the ground that the court below was without jurisdiction ; and an order was entered thereupon, reversing the order of the court below, with costs and disbursements to be taxed, and further ordering that the proceedings be dismissed. The said Schreyer thereupon presented the bill of costs for taxation to the clerk as in an action, claiming the costs of an action in the proceedings in the court below, and also the costs of the appeal. The clerk declined to tax the costs for the proceeding in the court below, and taxed the costs upon the appeal, allowing costs and disbursements as upon a case made. A motion was made upon the part of Schreyer for a retaxation of these costs, and a motion was also made upon the part of the petitioner for a retaxation. These motions were denied, and an order was entered from which both parties appeal.

It seems to be clear that the clerk was right in refusing to tax costs in the proceeding in the court below, because no such costs have been allowed by any adjudication in any court. The order as entered simply dismissed the proceeding. There was no allowance

of costs, and hence there was no authority for the clerk to tax any. Costs upon the appeal were allowed by the order of the Appellate Division and such costs were properly taxed; but the disbursements in respect to a case were clearly improper, because such an appeal is not heard upon a case, but upon copies of the papers used in the court below, which are certified to it by the clerk of that court, unless the parties stipulate as to the correctness of such copies. Therefore, the items for the making and serving a case of more than fifty folios and the disbursements for stenographer's minutes for case were clearly improper, and should not have been allowed.

The papers before us seem to show that the appeal was argued upon the first term that it was upon the calendar of the Appellate Division. Hence, there was no ground for the taxation of term fees.

We think, therefore, that the order appealed from, so far as it denies the motion of Schreyer for a retaxation, should be affirmed; and so far as it denied the motion of the petitioner for retaxation it should be reversed, and the costs should be retaxed in the manner hereinabove indicated, without costs to either party.

BARRETT, RUMSEY, PATTERSON and O'BRIEN, JJ., concurred.

Order, in so far as it denies motion of Schreyer for retaxation, affirmed; and in so far as it denies motion of petitioner for retaxation, reversed, and the costs ordered to be retaxed in the manner indicated in the opinion, without costs to either party.